**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE TITUS, | **Civil Action No. 14-2007 (JLL) (JAD)** |
| Plaintiff, | |
| v. | **OPINION ON PLAINTIFF'S MOTION** |
| BOROUGH OF MAYWOOD, et al., | **FOR LEAVE TO FILE AN AMENDED** |
| | **COMPLAINT** |
| Defendants | |

**JOSEPH A. DICKSON, U.S.M.J.**

      This matter comes before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint. (ECF No. 20). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves Plaintiff's application without oral argument. After having carefully considered the parties' submissions, and for the reasons stated below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

      On March 31, 2014, Plaintiff Ronnie Titus filed a Complaint alleging that Defendants, the Borough of Maywood, New Jersey, and multiple of the Borough's employees and representatives, violated the Americans with Disabilities Act, the New Jersey Law Against Discrimination, the New Jersey Civil Rights Act, and both the United States Constitution and New Jersey Constitution in connection with knee injuries that Plaintiff suffered while working for the Borough's Department of Public Works ("DPW"). (See generally Compl., ECF No. 1). Defendants filed an Answer on April 23, 2014, (ECF No. 4), and this Court conducted an initial pretrial conference on July 16, 2014. Following that conference, this Court entered a Pretrial Scheduling Order that,

among other things, set deadlines for the completion of discovery and required the parties to file motions for leave to amend their pleadings by October 1, 2014. (ECF No. 7). Though the Court thereafter extended discovery on multiple occasions, (see ECF Nos. 9, 14, 17, 18), it did not alter the deadline for the parties to seek leave to amend their pleadings.

The Court conducted a settlement conference on May 24, 2016 and, when efforts to settle the matter proved unsuccessful, directed the parties to submit cross-motions for summary judgment by August 19, 2016. On August 8, 2016, Plaintiff submitted a letter advising the Court of his intention to seek leave to amend his pleadings based on information he obtained from Defendants in response to supplemental discovery requests. The Court conducted a telephone conference on August 9, 2016 and thereafter stayed the parties' deadlines to file dispositive motions and directed Plaintiff to file any motion for leave to amend by August 19, 2016. (ECF No. 19). Plaintiff timely filed his motion, (ECF No. 20), in which he seeks to: (1) add multiple claims based on Defendants' alleged acts of racial discrimination; (2) add a claim for certain Defendants' alleged violation of the New Jersey Open Public Meetings Act; and (3) eliminate certain retaliation claims set forth in his original Complaint. Defendants filed an opposition on September 19, 2016, (ECF No. 24), and Plaintiff filed a reply on September 26, 2016. (ECF No. 25).

## II.   **LEGAL DISCUSSION**

### a.   **"Good Cause" Analysis Under Rule 16**

Motions for leave to amend are typically resolved by applying the liberal "when justice so requires" standard set forth in Federal Rule of Civil Procedure 15(a)(2). Where, however, a scheduling order sets a deadline for the amendment of pleadings and a party seeks amendment after that deadline has passed, the party must first meet Federal Rule of Civil Procedure 16's "good

cause" standard, as a threshold matter, before the Court will move on to a Rule 15 analysis. Stallings ex rel. Estate of Stallings v. IBM Corp., No. 08-3121 (RBK), 2009 U.S. Dist. LEXIS 81963, *44-46 (D.N.J. Sept. 8, 2009) (citations omitted). This is because motions to amend that are filed after a scheduling order deadline has passed are treated as motions to amend the pretrial scheduling order, see id. at *46 (citing Assadourian v. Harb, 71 Fed. R. Serv. 3d 693 (D.N.J. 2008) aff'd, 430 F. App'x 79 (3d Cir. 2011)); (see also Dimensional Commc'ns., Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed)), and, under Rule 16(b)(4), a scheduling order may only be modified for good cause. In these situations, the Court must conduct a threshold "good cause" inquiry under Rule 16 because scheduling orders would otherwise "be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Washington v. Hovensa LLC, 652 F.3d 340 (3d Cir. 2011) (noting that a Magistrate Judge acted within his discretion when denying request to extend expert deadlines where the plaintiff failed to establish good cause to modify the deadlines set out in the operative pretrial scheduling order). Only after the party seeking a late amendment has established "good cause" for the application will the Court evaluate the proposed amendment under Federal Rule of Civil Procedure 15(a).

When issuing the Pretrial Scheduling Order in this matter, the Court established an October 1, 2014 deadline for the parties to seek leave to amend their pleadings. (ECF No. 7 at 3). The Court did not amend that deadline, and Plaintiff did not file a motion for leave to amend until August 19, 2016. (ECF No. 20). The Court must therefore determine whether Plaintiff has demonstrated good cause for amending the Pretrial Scheduling Order to permit him to seek

3

amendment at this stage of the litigation before it may consider Plaintiff's proposed amendment under Federal Rule of Civil Procedure 15. If Plaintiff cannot establish such good cause, the Court must deny Plaintiff's motion.

A determination of "good cause" under Rule 16 "depends on the diligence of the moving party." GlobespanVirata, Inc. v. Texas Instruments Inc., No. 03–2854 (GEB), 2005 U.S. Dist. LEXIS 16348, at *9 (D.N.J. July 12, 2005) (internal citation omitted). Specifically, to demonstrate "good cause" pursuant to Rule 16, the moving party must show that, despite its diligence, it could not have reasonably met the deadlines set forth in the scheduling order. Id.; see also Harrison Beverage Co., 133 F.R.D. at 469. Moreover, the mere absence of prejudice to the non-moving party does not, in itself, constitute "good cause" under Rule 16. GlobespanVirata, 2005 U.S. Dist. LEXIS 16348, at *10.

Here, Plaintiff primarily seeks to amend his pleading to add or revise several causes of action. (See generally Proposed Am. Compl., ECF No. 20-4).[1] It appears that all but one of those proposed amendments are related to Plaintiff's new allegations of racial discrimination. (Id.). Plaintiff also seeks to include a claim based on Defendants' alleged violation of the New Jersey Open Public Meetings Act, N.J.S.A. 10L4-1, et seq. (Id. at ¶¶ 150-153). The Court must consider whether Plaintiff has established "good cause" for each of these categories of proposed amendments.

With regard to Plaintiff's application to add claims based on Defendants' alleged racial discrimination, Plaintiff's counsel represents that, despite previously issuing discovery requests seeking such information, Plaintiff first learned, during the February 22, 2016 deposition of

---

[1] Defendants do not take issue with Plaintiff's request to eliminate certain existing claims. (See generally Def. Opp. Br., ECF No. 24).

Maywood DPW Superintendent Donald Russel, that the DPW keeps daily work order sheets for its employees, and that Defendants produced those work order sheets on May 17, 2016. (Cert. of Catherine M. Elston, Esq. ("Elston Cert.") ¶¶ 3-11). Plaintiff's counsel further represents that the work order sheets reflect that "certain DPW employees received light duty." (Id. ¶ 11). Plaintiff now seeks to add allegations, ostensibly based on those documents, that certain defendants "refused [his] requests for reasonable accommodation for his right knee injury even though other DPW workers, all of whom are not African-American, had been provided with light duty or other reasonable accommodation at the direction or with the approval of [certain defendants]." (Proposed Am. Compl. ¶ 98, ECF No. 20-4); (id. ¶ 148) ("Defendants refused Plaintiff's request for reasonable accommodation for his right knee injury even though Defendants had provided other DPW workers, all of whom are not African-American, with light duty or other reasonable accommodation."). In response, Defendants make three arguments, none of which are compelling. First, Defendants contend that Plaintiff should have previously sought leave to amend his pleading to include racial discrimination claims because he was aware of his racial status prior to the October 1, 2014 deadline and did not thereafter obtain any new information that might support such claims. (Def. Opp. at 5-6, ECF No. 24). Defendants' argument is incorrect. Plaintiff's application is not based on an epiphany of racial self-awareness but, rather, receipt of documents that Defendants first produced in May 2016. Second, in reference to the work order sheets themselves, Defendants contend that Plaintiff, a former DPW employee, "was privy to this information." (Certification of Natalia R. Angeli, Esq. ¶12, ECF No. 24-1). It is unclear what counsel means by that statement, let alone how counsel can personally make representations of what information Plaintiff could access several years ago while a DPW employee. What is clear from the record before the Court, however, is that Plaintiff did not have copies of the work order

sheets prior to May 2016. Finally, Defendants argue, without explanation or citation, that "nothing in [the work order sheets] provided any information that was not already testified to by former Borough Administrator Thomas Richard on **February 5, 2015**." (Id.) (emphasis in original). Again, it is unclear what Defendants mean by that statement, and it seems highly unlikely that Mr. Richard's testimony consisted of reciting the details of every work sheet in question. Moreover, if, as defense counsel now appears to represent, Mr. Richard testified as to the same information contained in the work sheets, why did Defendants thereafter neglect to produce those documents for another fifteen months?[2] Similarly, at least one of the work sheets in question clearly lists that certain DPW employees were assigned to "light duty." (See Supplemental Cert. of Catherine M. Elston, Esq., Ex. A, ECF No. 25-2). If, as defense counsel now suggests in their sweeping representation, Mr. Richard actually testified that such light duty was available to DPW employees, why did Defendants later represent to Plaintiff, on two separate occasions, that "there is no light duty at the [DPW]." (Elston Cert. ¶¶ 5, 8). In any event, the Court finds that, given the fact Defendants produced the work order sheets that ostensibly support Plaintiff's discrimination claims more than nineteen months after the deadline for amendment, Plaintiff has established a textbook case of good cause to seek amendment to include such claims at this late stage of the litigation.

The same cannot be said, however, for Plaintiff's proposed claim for violation of the New Jersey Open Public Meetings Act. Plaintiff has not directed the Court to any information concerning when the meetings in question took place, or when Plaintiff obtained information regarding those meetings. It may very well be that Plaintiff first learned of the meetings during

---

[2] It also bears noting that Mr. Richard's February 5, 2015 deposition was after the October 1, 2014 deadline for amendment.

recent discovery in this matter, and therefore, also has good cause to seek the late addition of this cause of action. The Court cannot make such a finding based on the current record.

In sum, the Court finds that Plaintiff has established good cause to seek leave to amend his pleading to include his proposed racial discrimination claims. Plaintiff has not, however, demonstrated the good cause necessary to permit him to seek leave to add claims under the New Jersey Open Public Meetings Act at this juncture. The Court will therefore only consider Plaintiff's discrimination claims when determining whether Plaintiff's proposed amendment passes muster under Federal Rule of Civil Procedure 15.

### b.    Propriety of Amendment Under Rule 15(a)

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No. 11-1656 (JLL), 2013 U.S. Dist. LEXIS 54866, at *17-18 (D.N.J. April 15, 2013) (internal citations omitted) (acknowledging that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al.

7

v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F. 3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F. 3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

Here, Defendants argue that the Court should deny Plaintiff's proposed amendment on undue delay/unfair prejudice and futility grounds. (Def. Opp. Br. at 8-15, ECF No 24).[3] The Court will discuss each of Defendants' arguments in turn.

### i.    Undue Delay / Unfair Prejudice

The concepts of undue delay and unfair prejudice are often interrelated in the context of a Rule 15 analysis, and the Court will consider them together. The Court notes that "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (internal citation omitted). Only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party," would delay serve as a proper justification for denying leave to amend. Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner." Cureton 252 F.3d at 273 (internal citations omitted). The United States Court of Appeals for the Third Circuit has acknowledged

---

[3] Nothing in the record suggests that, in seeking leave to amend at this juncture, Plaintiff is acting in bad faith or with some dilatory motive.

that "[d]elay may become undue when a movant has had previous opportunities to amend a complaint." Id. When addressing the related issue of prejudice, the Court must "focus on the hardship to the defendants if the amendment were permitted." Id. In determining whether a proposed amendment might result in the sort of unfair prejudice that would justify denial of leave to amend, the United States Court of appeals has "considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Id. (internal citations omitted).

Here, in making their "undue delay" argument, Defendants contend, without citation or explanation, that "the record clearly shows that Plaintiff could have filed the proposed amendment earlier. The basis for Plaintiff's delay is simply unknown and not stated by the Plaintiff . . . This is not a case where Plaintiff discovered new evidence. The information received in 2016 was already known at the onset of the litigation." (Def. Opp. Br. at 11, ECF No. 24). The Court has already addressed, and rejected, these unsupported arguments in the context of its Rule 16 analysis, above.

In connection with their "unfair prejudice" argument, Defendants contend that Plaintiff's "new theories of liability would require a full-scale reopening of discovery." (Id. at 13). Defendants also suggest that "the passage of time will [sic] severely impeded Defendants' ability to call witnesses and find evidence to defend against newly added theories." Plaintiff takes the opposite position, arguing that he "does not see the need for additional discovery." (Pl.'s Reply at 10, ECF No. 25). The Court believes that, while certain additional discovery will be necessary, the extent of that discovery will fall somewhere in the middle of the parties' respective predictions. Moreover, the Court does not find that the need to conduct such additional discovery constitutes the sort of prejudice that would justify denying Plaintiff's motion. Indeed, it appears that the work

9

order sheets that prompted Plaintiff's motion were likely responsive to document requests Plaintiff

served on March 18, 2015, and yet Defendants did not produce them until May 17, 2016. (Elston

Cert. ¶¶ 3, 11). Moreover, the work sheet that Plaintiff's counsel appended to her supplemental

certification, (ECF No. 25-2) (indicating that two employees were given "light duty" during a

specific week), appears to directly contradict Defendants' May 28, 2015 representation to Plaintiff

that "there is no light duty at the Department of Public Works." (See Elston Cert. ¶ 8, ECF No.

20-3). Therefore, much of the delay associated with the timing of Plaintiff's amendment is

attributable to Defendants. Moreover, the Court will not permit the parties to simply restart

discovery, but, rather, will require them to take discovery targeted to Plaintiff's racial

discrimination claims and Defendants' defenses thereto, thereby minimizing the costs of such

additional discovery. In sum, and based on the record presented to the Court in the context of this

motion, considerations of undue delay and unfair prejudice do not serve as a legitimate basis for

denying Plaintiff leave to amend.

### ii.    Futility of Amendment

A proposed amendment "is futile if the amended complaint would not survive a motion to

dismiss." County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin

v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332

(3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to

state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he

futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam

Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS

46572, *9-10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

10

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court notes that Defendant bears the burden of establishing that Plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, No. 05-1771 (JLL), 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. Feb. 11, 2013).

Defendants contend that Plaintiff's proposed amendment would be futile, as the applicable statutes of limitations have run on each of his new claims. (Def. Opp. Br. at 14-15). In making that argument, Defendants simply state the limitations period for each claim, without any application to the facts of this case, let alone analysis. (Id.). Defendants do not address, for instance, when the various claims accrued, or whether the relation-back doctrine embodied in Federal Rule of Civil Procedure 15(c) might apply. The Court declines to undertake that analysis for Defendants. As Defendants have failed to carry their burden of establishing that Plaintiff's proposed claims are "clearly futile", the Court will not deny Plaintiff's motion on futility grounds. See Schiano, 2013 U.S. Dist. LEXIS 81440 at *45.

In sum, after evaluating Plaintiff's proposed racial discrimination claims under Federal Rule of Civil Procedure 15(a) and related case law, the Court finds that the interests of justice require that the Court permit Plaintiff to amend his pleading to include those claims.

11

### III.    CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 20), is **GRANTED IN PART AND DENIED IN PART**.  An appropriate form of Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

cc:  Hon. Jose L. Linares, U.S.D.J.

12